JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 12-1736 AG (RNBx) | Date | March 11, 2013 |
|---|---|---|---|
| Title | LE DAWN P. LYLES v. FORD MOTOR CREDIT CO., et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**Proceedings:**      **[IN CHAMBERS] ORDER GRANTING MOTION TO DISMISS AND DECLINING TO RULE ON MOTION TO STRIKE**

In October 2012, pro se plaintiff Le Dawn P. Lyles ("Plaintiff") sued Ford Motor Credit Company LLC ("Ford Credit"); MacDowell and Associates, Ltd.; David T. Chen; and Todd A. MacDowell (together, "Defendants"). Plaintiff alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq. and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et seq. Defendants filed a Motion to Dismiss the Complaint, or Alternatively, for a More Definite Statement ("Motion to Dismiss") and a Motion to Strike Portions of Complaint ("Motion to Strike"). (Dkt. Nos. 23, 24.) The Court GRANTS the Motion to Dismiss. Because the Court grants the Motion to Dismiss, the Court need not rule on the Motion to Strike.

## BACKGROUND

The following facts come primarily from Plaintiff's Complaint, and for purpose of this Motion, the Court assumes them to be true. The Court also considers the contents of official court documents from the San Bernardino Superior Court, which may be

JS - 6

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 12-1736 AG (RNBx) | Date | March 11, 2013 |
|---|---|---|---|
| Title | LE DAWN P. LYLES v. FORD MOTOR CREDIT CO., et al. | | |

considered on a motion to dismiss, as explained in the Preliminary Matters section of this Order.

In June 2002, Plaintiff got a car loan with Ford Credit. (First Amended Complaint ("FAC"), at Dkt. No. 22, at ¶ 11.) Plaintiff apparently fell behind in her payments. At some point, Ford Credit allegedly assigned or transferred the debt for collection to MacDowell and Associates, Ltd., David T. Chen, and Todd A. MacDowell (together, the "MacDowell Defendants"). (*Id.* ¶ 13.)

Ford Credit sued Plaintiff to collect the debt. (*Id.* ¶ 14.) Plaintiff was served with a state court summons and complaint on March 15, 2012. (*Id.* ¶ 14.) Plaintiff alleges that the state court complaint misrepresented (1) "the true source and nature of the relations" between Ford and the MacDowell Defendants and (2) "the true source and nature" of Defendants' debt collection efforts. (*Id.* ¶¶ 20-21.) Plaintiff also claims that the MacDowell Defendants "engaged in deceptive practices" and "used an unconscionable means" to collect the debt. (*Id.* ¶¶ 22-23.)

On April 1, 2012, Plaintiff mailed Ford Credit a letter disputing the debt. (*Id.*, at 8.) Ford Credit received it on April 5, 2012. (*Id.* ¶ 24.) On May 19, 2012, Plaintiff mailed the MacDowell Defendants a letter disputing the debt and demanding that they "validate the alleged debt by providing strict proof of the indebtedness." (*Id.* at 8.) This letter was received May 22, 2012. (*Id.*)

In October 2012, Plaintiff brought this suit against Ford Credit and the MacDowell Defendants, alleging violations of the FDCPA and the FCRA. On November 9, 2012, a court trial on the state case was held in San Bernardino Superior Court. (Defendants' Request for Judicial Notice ("RJN"), Dkt. No. 24; Defendants' Supplemental Request for Judicial Notice ("SRJN"), Dkt. No. 27.) Judgment was entered in favor of Defendants for $4,848.83 that same day. (SRJN.)

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1736 AG (RNBx) | Date | March 11, 2013 |
|---|---|---|---|
| Title | LE DAWN P. LYLES v. FORD MOTOR CREDIT CO., et al. | | |

## PRELIMINARY MATTERS

Defendants ask the Court to take judicial notice of three documents: (1) this Court's December 17, 2012 Order granting Defendants' previous motion to dismiss; (2) a certified reporter's transcript ("State Court Transcript") of the trial in the related case of *Ford Motor Credit Company LLC v. Ledawn Dyson*, Case No. CIVRS1200349 (the "State Court Case"), held in San Bernardino Superior Court on November 9, 2012; and the judgment in the State Court Case.  (RJN; SRJN.)

The request to take judicial notice of the December 17, 2012 Order is DENIED because the Court need not take judicial notice of its own order to consider its effect.

The request to take judicial notice of the State Court Transcript and the Judgment is GRANTED.  Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."  *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F. 2d 244, 248 (9th Cir. 1992).  Courts can also take judicial notice of pleadings and court orders that are matters of public record.  *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).  Although the Court takes judicial notice of the existence of the State Court Transcript and the Judgment, it does not adopt the factual findings of that court.  *See Cal. ex rel Lockyer v. Mirant Corp.*, 266 F. Supp. 2d 1046, 1054 (N.D. Cal. 2003).

## LEGAL STANDARD

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "'[D]etailed factual allegations' are not required."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)

JS - 6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 12-1736 AG (RNBx) | Date | March 11, 2013 |
|---|---|---|---|
| Title | LE DAWN P. LYLES v. FORD MOTOR CREDIT CO., et al. | | |

(stating that "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations")). The Court must accept as true all factual allegations in the complaint and must draw all reasonable inferences from those allegations, construing the complaint in the light most favorable to the plaintiff. *Pollard v. Geo Group, Inc.*, 607 F.3d 583, 585 n.3 (9th Cir. 2010).

But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," *id.*, or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A]nalyzing the sufficiency of a complaint's allegations is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Sheppard v. David Evans and Associates*, 694 F.3d 1045, 1051 (9th Cir. Sept. 12, 2012). The Ninth Circuit also addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1204 (9th Cir. 2011). The *Starr* court held that allegations "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively . . . [and] plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* at 1216.

If the Court decides to dismiss a complaint, it must also decide whether to grant leave to amend. "A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency . . . or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010); *see also Steckman v. Hart Brewing*, 143 F.3d 1293, 1298 (9th Cir. 1998) (holding that pleadings may be dismissed without leave to amend if amendment "would be an exercise in futility").

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1736 AG (RNBx) | Date | March 11, 2013 |
|---|---|---|---|
| Title | LE DAWN P. LYLES v. FORD MOTOR CREDIT CO., et al. | | |

## ANALYSIS

Defendants argue that the Court should dismiss this case for two reasons: (1) Plaintiff's claims are barred by the *Rooker-Feldman* doctrine and (2) Plaintiff has failed to state a claim for relief. For the reasons explained in detail in the Court's December 17, 2012 Order ("December Order"), the Court finds that this case is not barred by *Rooker-Feldman*. (*See* Order Granting Motion to Dismiss ("December Order"), Dkt. No. 20, at 5-6.)

The Court now turns to Defendants' argument that Plaintiff fails to state a claim. Defendants argue, and the Court agrees, that Plaintiff's FDCPA and FCRA claims should be dismissed. Because the Court dismisses all of Plaintiff's claims, the Court need not rule on Defendants' Motion to Strike.

## 1.     FAIR DEBT COLLECTION PRACTICES ACT CLAIMS

In its December Order, the Court dismissed Plaintiff's FDCPA claims against Ford Credit without leave to amend because Ford Credit was not a debt collector under 15 U.S.C. 1692g. The Court dismissed Plaintiff's FDCPA claims against the MacDowell Defendants with leave to amend. Plaintiff amended, asserting violation of three different FDCPA provisions. Now Defendants again ask the Court to dismiss the FDCPA claims against the MacDowell Defendants. The Court GRANTS the Motion.

First, Plaintiff alleges that the MacDowell Defendants violated the Section 1692g by continuing their efforts to collect Plaintiff's debt after she disputed the validity of the debt. (FAC, at 8.) In its December Order, the Court dismissed both FDCPA claims because Plaintiff had not alleged that she disputed the debt with the MacDowell Defendants within 30 days of receiving notice. *See* 15 U.S.C. § 1692g(b) (requiring debt collectors to stop collection efforts *if* consumer disputes the debt in writing within 30 days after receiving notice). Plaintiff has not corrected this deficiency. Plaintiff still alleges

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1736 AG (RNBx) | Date | March 11, 2013 |
|---|---|---|---|
| Title | LE DAWN P. LYLES v. FORD MOTOR CREDIT CO., et al. | | |

that she notified the MacDowell Defendants that she disputed the debt on May 19, 2012, more than 30 days after Plaintiff allegedly received notice on March 15, 2012.  (*See* FAC, at 7-8.)  Plaintiff therefore fails to allege an FDCPA violation based on validation.

Second, Plaintiff alleges that "communications from the Defendants to the Plaintiff discuss alleged amount owed and solicit methods to tender immediate payment, which overshadows the consumer warning."  (FAC, at 9.)  Like the validation claim, Plaintiff's overshadowing claim fails because she has not alleged that she timely notified the MacDowell Defendants of the dispute.  The overshadowing claim also fails because she has not alleged that the debt collection communication contained language "likely to deceive or mislead a hypothetical 'least sophisticated debtor' . . . or language regarding payment of the alleged debt [that] contradicted or overshadowed the validation notice." *Elliot v. Credit Control Services, Inc.*, 2010 WL 1495402, at *2-3 (S.D. 2010) (citing *Terran v. Kaplan*, 109 F.3d 1428, 1431 (9th Cir. 1997)).  In her FAC, Plaintiff makes the same conclusory allegation that the Court previously found did not adequately identify the language likely to deceive a debtor and overshadow the notice.  (FAC, at 9.)

Third, Plaintiff asserts a claim under Section 1692f of the FDCPA.  Section 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect a debt."  15 U.S.C. § 1692f.  In paragraph 23 of her FAC, Plaintiff alleges that "[t]hrough this conduct, [the MacDowell Defendants] used an unfair unconscionable means to collect or attempt to collect a debt."  (FAC ¶ 23.)  Plaintiff's reference to "this conduct" apparently refers to the MacDowell Defendants' purported misrepresentations, alleged in paragraphs 20-23.  Plaintiff has presented no facts to support these assertions. She also fails to state a claim under Section 1692f of the FDCPA.

The Court GRANTS Defendants' Motion to dismiss the FDCPA claims against the MacDowell Defendants.

**2.      FAIR CREDIT REPORTING ACT CLAIMS**

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1736 AG (RNBx) | Date | March 11, 2013 |
|---|---|---|---|
| Title | LE DAWN P. LYLES v. FORD MOTOR CREDIT CO., et al. | | |

Plaintiff claims that Defendants violated Section 1681s-2 of the FCRA by failing to report to credit reporting agencies Experian and TransUnion (the "CRAs") that Plaintiff's account was in dispute.  The FCRA requires "furnishers of information" to CRAs to provide CRAs with accurate information about a consumer's debt.  15 U.S.C. § 1681s-2(a).  As Defendants correctly note, Section 1681s-2(a) does not create a private right of action, so the Court only addresses allegations that Defendants violated Section 1681s-2(b).  *See Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002) (no private right of action for Section 1681s-2(a)).

Courts have held that consumers asserting Section 1681s-2(b) violations based on "furnishing inaccurate information [] must identify which information is inaccurate." *Noel v. Bank of America*, No. 12-4019-SC, 2012 WL 5464608, at *5 (N.D. Cal. Nov. 8, 2008) (citing *Carvalho v. Equifax Info. Servs., LLC*, 588 F. Supp. 2d 1089, 1096 (N.D. Cal. 2008)); *see also, e.g., Mortimer v. JP Morgan Chase Bank, Nat. Ass'n*, C 12-1936 CW, 2012 WL 3155563, at *3 (N.D. Cal. Aug. 2, 2012); *Manukyan v. Cach, LLC*, No. CV-12-08356 RGK (JCx), 2012 WL 6199938, at *3 (C.D. Dec. 11, 2012).  Plaintiff has not done so here, so her claim fails.  Plaintiff's FCRA claim against Ford Credit also fails because she doesn't allege Ford Credit is a "furnisher of information" under the FCRA. Because Plaintiff has failed to allege essential elements of her Section 1681s-2 claim, the Court GRANTS Defendants' Motion to Dismiss.

**DISPOSITION**

The Court GRANTS Defendants' Motion to Dismiss.  Plaintiff's rote repeating of allegations this Court had duly notified her are deficient indicates that amendment would be futile and leave to amend is inappropriate.  *See Telesaurus,* 623 F.3d at 1003. Defendants shall submit a short judgment, without factual recitals and reflecting that judgment is entered against Plaintiff and for all the Defendants.

JS - 6

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1736 AG (RNBx) | Date | March 11, 2013 |
|---|---|---|---|
| Title | LE DAWN P. LYLES v. FORD MOTOR CREDIT CO., et al. | | |

:    0

Initials of
Preparer            lmb